FILED
AUG 14 2019 AM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE BLAKEY
MAGISTRATE JUDGE COX

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRITTNEY STOKES, and<br>KENNETH NINALOWO | No. 19 CR 586<br><br>Violations: Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h) and 1957(a) |

## COUNT ONE

The SPECIAL JANUARY 2019 GRAND JURY charges:

1. Beginning no later than in or about June 2016, and continuing until at least in or about April 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRITTNEY STOKES, and
KENNETH NINALOWO,

defendants herein, did knowingly conspire with each other and with other persons known and unknown to the Grand Jury, to commit an offense in violation of Title 18, United States Code, Section 1956, namely, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented

the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

*Overview of the Conspiracy*

2. It was part of the conspiracy that, from no later than in or about June 2016 to at least in or about February 2018, defendants BRITTNEY STOKES and KENNETH NINALOWO knowingly transported, transmitted, and transferred large amounts of United States currency derived from a scheme to defraud various companies and schools throughout the United States (the "business email compromise scheme").

3. It was further part of the conspiracy that members of the business email compromise scheme sent emails to victim entities (such as College A and Energy Company A) from email addresses that were purposefully created to make the email appear as if it were coming from a creditor company to whom the victim owed a legitimate financial debt. Posing as creditors of the victim entities, members of the business email compromise scheme caused the victim entities to wire transfer large amounts of money in satisfaction of their debts ("fraud proceeds") to bank accounts controlled by STOKES, NINALOWO, and their associates.

4. It was further part of the conspiracy that STOKES and NINALOWO opened the bank accounts that received the fraud proceeds in the names of fictitious companies, which STOKES and NINALOWO had created.

5. It was further part of the conspiracy that, after the victim entities deposited the fraud proceeds into bank accounts controlled by STOKES,

NINALOWO, and their associates, STOKES and NINALOWO: (a) transferred those fraud proceeds to other bank accounts controlled by STOKES and NINALOWO; (b) withdrew the fraud proceeds as cash; or (c) used the fraud proceeds to purchase high value items, such as clothing, jewelry, plane tickets, and cars.

*The Disposition of the Fraud Proceeds Obtained from College A*

6. It was further part of the conspiracy that, on or about June 8, 2016, at NINALOWO's direction, STOKES incorporated a fictitious company called Steno Logistics with the State of Illinois.

7. It was further part of the conspiracy that, on or about June 15, 2016, at NINALOWO's direction, STOKES opened a Bank of America bank account ending in the number 4185 in the name of the fictitious company Steno Logistics ("Steno Account 1"). STOKES and NINALOWO both had access to, and controlled all money deposited into, Steno Account 1.

8. It was further part of the conspiracy that, on or about June 18, 2016, at NINALOWO's direction, STOKES opened Chase Bank bank account ending in the number 1612 in the name of the fictitious company Steno Logistics ("Steno Account 2"). STOKES and NINALOWO both had access to, and controlled all money deposited into, Steno Account 2.

9. It was further part of the conspiracy that, between on or about June 9, 2016 and on or about June 30, 2016, one or more members of the business email compromise scheme, posing as a representative of a legitimate creditor of College A ("Construction Company A"), caused College A to change the account to which it wired

routine payments to Construction Company A to a different bank account controlled by members of the scheme ("Fraud Account 1").

10. It was further part of the conspiracy that, on or about June 29, 2016, members of the business email compromise scheme caused College A to wire transfer approximately $3,371,291 to Fraud Account 1.

11. It was further part of the conspiracy that, on or about July 4, 2016, a member of the business email compromise scheme wrote a check in the amount of approximately $398,220 from Fraud Account 1 to the fictitious company created by STOKES and NINALOWO, Steno Logistics.

12. It was further part of the conspiracy that, on or about July 5, 2016, at NINALOWO's direction, STOKES deposited the $398,220 check from Fraud Account 1 into Steno Account 1.

*The Disposition of the Fraud Proceeds Obtained from Energy Company A*

13. It was further part of the conspiracy that, between on or about December 27, 2017 and on or about January 4, 2018, members of the business email compromise scheme, posing as a representative of a creditor company to whom Energy Company A owed a legitimate debt ("Energy Company B"), caused Energy Company A to change the account to which it wired routine payments to Energy Company B to Steno Account 2, which was controlled by STOKES and NINALOWO.

14. It was further part of the conspiracy that, between on or about January 26, 2018 and on or about February 8, 2018, members of the business email

4

compromise scheme caused Energy Company A to wire transfer approximately $1,685,699 in fraud proceeds to Steno Account 2.

15. It was further part of the conspiracy that, in a series of financial transactions between on or about January 26, 2018 and on or about February 8, 2018, STOKES and NINALOWO withdrew, transferred, and spent approximately $1.3 million of the approximately $1,685,699 in fraud proceeds that Energy Company A had transmitted into Steno Account 2.

16. It was further part of the conspiracy that the defendants and others known and unknown to the Grand Jury did conceal and hide and cause to be concealed and hidden, the purposes and the acts done in furtherance of the conspiracy, through the use of fictitious company names, multiple bank accounts, and other means to avoid detection and apprehension by law enforcement authorities.

In violation of Title 18, United States Code, Section 1956(h) and 2.

## COUNT TWO

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about July 5, 2016, at Chicago, in the Northern District of Illinois, and elsewhere

>BRITTNEY STOKES and
>KENNETH NINALOWO,

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the deposit of a $398,220 check into the Bank of America account ending in the number 4185, which financial transaction involved the proceeds of a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about February 2, 2018, at Orland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRITTNEY STOKES,

defendant herein, did knowingly engage in a monetary transaction in or affecting interstate commerce in criminally derived property of a value greater than $10,000, namely, the purchase of a black Mercedes Benz SUV, model GLC300C4, bearing VIN WDC0J4KB3JF359032, such property having been derived from a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957(a).

## COUNT FOUR

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about February 5, 2018, at Chicago, in the Northern District of Illinois, and elsewhere

BRITTNEY STOKES and<br>KENNETH NINALOWO,

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the issuing of a $50,000 from Chase Bank account ending in the number 1612, which financial transaction involved the proceeds of a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about February 7, 2018, at Chicago, in the Northern District of Illinois, and elsewhere

> BRITTNEY STOKES and
> KENNETH NINALOWO,

defendants herein, did knowingly attempt to conduct a financial transaction affecting interstate and foreign commerce, namely, a $100,000 wire transfer from CitiBank account ending in the number 8021 to United Bank for Africa account ending in the number 9352, which financial transaction involved the proceeds of a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about April 25, 2019, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRITTNEY STOKES,

defendant herein, did knowingly engage in a monetary transaction in or affecting interstate commerce in criminally derived property of a value greater than $10,000, namely, the purchase of a white Land Rover, model Velar S, bearing VIN SALYB2EX2A788056, such property having been derived from a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957(a).

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2019 GRAND JURY further charges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 and 1957, as set forth in this indictment, defendants shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2. The property to be forfeited includes, but is not limited to, the following specific property:

   a. approximately $1,424,090.61.

   b. the approximately $175,909.39 in United States currency seized from CitiBank account ending in the number 8021 on or about April 18, 2018.

   c. a white 2019 Land Rover, model Velar S, bearing VIN SALYB2EX2A788056, which was seized from defendant BRITTNEY STOKES by the FBI on or about July 25, 2019.

3. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred of sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture or substitute property, as

provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                                        A TRUE BILL:

                                        _____
                                        FOREPERSON

_____
UNITED STATES ATTORNEY